UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PALLADIUM BOOKS, INC.,
a Michigan corporation,

       Plaintiff,

v.                                                                   Case Number:10-11859
                                                                  Honorable Julian Abele Cook, Jr.

TRION WORLDS INC.,
a Delaware corporation, and
TRION WORLD NETWORK, INC.,

       Defendants.
_____/

## ORDER

This lawsuit arises out of a trademark dispute between the Plaintiff, Palladium Books, Inc. and the Defendants, Trion Worlds Inc., and Trion World Network, Inc. On May 28, 2010, the Plaintiff filed a motion in which it seeks to obtain a temporary restraining order and/or a preliminary injunction against the Defendants. Citing *Frisch's Restaurants, Inc. v. Shoney's, Inc.,* 759 F.2d 1261, 1270 (6th Cir. 1985) as the primary basis for its request, the Plaintiff contends that it will suffer an irreparable injury unless the Court issues immediate injunctive relief against the Defendants for their alleged misconduct.

In 2003, the Sixth Circuit Court of Appeals outlined four factors which should be considered by a district court when attempting to evaluate a request for injunctive relief by an aggrieved party; namely, whether (1) the moving party has demonstrated a strong likelihood of success on the merits of the claim; (2) the moving party will suffer an irreparable injury without the sought-after

1

injunction; (3) the issuance of the requested injunction would likely cause substantial harm to others; and (4) the best interest of the public would be served by issuance of the injunctive relief. *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003). However, these are factors which should be balanced and do not necessarily serve as prerequisites that must be satisfied, except for the requirement to demonstrate the existence of an irreparable injury. *U.S. v. Michigan,* 230 F.R.D. 492, 494 (E.D. Mich. 2005).

In its pleadings, the Plaintiff contends that - without intervention by the Court - the Defendants will seek to exploit the goodwill which had been established by its federally registered trademark and, in so doing, cause immediate irreparable harm and confusion in the marketplace. As evidence in support of its claim, the Plaintiff notes that the Defendants are scheduled to participate as an exhibitor at a global computer and video game trade show to be held in Los Angeles, California from June 15-17, 2010. According to the Plaintiff, the Defendants are likely to market a multi-user video game product during the California trade show which would infringe upon its established trademark rights. Concerned that the Defendants' alleged misconduct will taint a key market into which it has plans to expand, the Plaintiff petitions the Court for injunctive relief that will maintain the status quo until a hearing on the merits is conducted. After carefully considering the record, the Court finds that the Plaintiff's request for a temporary restraining order must be denied.

In its pleadings, the Plaintiff has failed to establish the second *Jones* factor; namely, that it will suffer an irreparable injury if injunctive relief is not immediately issued. Even assuming that the impending trade show will adversely impact its exclusive trademark rights, the Court is not persuaded that a temporary restraining order is necessary to prevent this claimed harm. To the

contrary, this issue, if meritorious, can be adequately resolved through the established civil process for seeking and obtaining a preliminary injunction; i.e., upon notice to the Defendants and a hearing upon the merits of the Plaintiff's claims. Accordingly, inasmuch as the Plaintiff's request for a temporary restraining order is not supported by the factual record, it must be denied. However, the rationale and the conclusions within this opinion will not necessarily apply to any issues relating to the Plaintiff's request for issuance of a preliminary injunction.

In that regard, the parties, through their respective representatives, are directed to appear before this Court on June 9, 2010 at 9:00 a.m. for a hearing on the Plaintiff's request for a preliminary injunction. A response brief from the Defendants on this issue shall be filed with the Court on or before June 3, 2010 at 5:00 p.m. Any reply must be submitted by the Plaintiff on or before June 4, 2010 at 5:00 p.m.

IT IS SO ORDERED.

Dated:     June 1, 2010             s/Julian Abele Cook, Jr.
         Detroit, Michigan          JULIAN ABELE COOK, JR.
                                    United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 1, 2010.

                                    s/ Kay Doaks
                                    Case Manager