UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PALLADIUM BOOKS, INC.**,
a Michigan corporation,

               Plaintiff,

v.

**TRION WORLDS, INC.,**
a Delaware corporation, and
**TRION WORLD NETWORK, INC.,**
a Delaware corporation,

               Defendants.

Case No. 10-11859

District Judge Hon. Julian Abele Cook

Magistrate Judge Hon. Paul J. Komives

_____/

| | |
|---|---|
| Peter M. Falkenstein (P61375) | Nicholas B. Gorga (P72297) |
| Lawrence R. Jordan (P27169) | Honigman Miller Schwartz & Cohn, LLP |
| Joan H. Lowenstein (P39422) | 2290 First National Bldg. |
| Emilija Avsharian (P72001) | 660 Woodward Ave. |
| Jaffe Raitt Heuer & Weiss, PC | Detroit, MI 48226 |
| 201 S. Main St., Suite 300 | (313) 465-7000 |
| Ann Arbor, Michigan 48104 | ngorga@honigman.com |
| (734) 222-4776 | *Attorneys for Defendants* |
| pfalkenstein@jaffelaw.com | |
| *Attorneys for Plaintiff* | |

_____/

**PLAINTIFF PALLADIUM BOOKS, INC.'S
MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY
LIMITED TO THE ISSUE OF PERSONAL JURISDICTION**

      Plaintiff, Palladium Books, Inc. ("Plaintiff" or "Palladium"), moves for Leave to Conduct Expedited Discovery Limited to the Issue of Personal Jurisdiction for the reasons stated below and in the accompanying brief:

      1.      Palladium has proffered facts to show that Defendants, Trion Worlds, Inc. and Trion World Network, Inc. ("Defendants" or "Trion"), have been, and will continue to

transacting business in the Eastern District of Michigan and to cause harmful tortious consequences to occur in Michigan, such that the Court can exercise personal jurisdiction over Defendants.

2. In the event that the Court does not find that it has personal jurisdiction over Defendants based on the current pleadings, Palladium requests that it be allowed to conduct jurisdictional discovery before the Court decides Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer to the Northern District of California.

3. Plaintiff also asks that this discovery be expedited in light of its pending Motion for Preliminary Injunction and Trion's continuing use of a mark that Plaintiff firmly believes infringes on its trademarks and is causing continuing harm to Plaintiff.

4. Pursuant to L.R. 7.1(a), counsel for Plaintiff has sought concurrence in the motion with counsel for Defendants, but was unable to obtain concurrence.

          Respectfully submitted,

Dated: June 4, 2010

/s Peter M. Falkenstein
Peter M. Falkenstein (P61375)
Lawrence R. Jordan (P27169)
Joan H. Lowenstein (P39422)
Emilija Avsharian (P72001)
Jaffe Raitt Heuer & Weiss, PC
201 S. Main St., Suite 300
Ann Arbor, Michigan 48104
(734) 222-4776
pfalkenstein@jaffelaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PALLADIUM BOOKS, INC.**,
a Michigan corporation,	Case No. 10-11859

        Plaintiff,	District Judge Hon. Julian Abele Cook

v.	Magistrate Judge Hon. Paul J. Komives

**TRION WORLDS, INC.,**
a Delaware corporation, and
**TRION WORLD NETWORK, INC.,**
a Delaware corporation,

        Defendants.
_____/

| | |
|---|---|
| Peter M. Falkenstein (P61375) | Nicholas B. Gorga (P72297) |
| Lawrence R. Jordan (P27169) | Honigman Miller Schwartz & Cohn, LLP |
| Joan H. Lowenstein (P39422) | 2290 First National Bldg. |
| Emilija Avsharian (P72001) | 660 Woodward Ave. |
| Jaffe Raitt Heuer & Weiss, PC | Detroit, MI 48226 |
| 201 S. Main St., Suite 300 | (313) 465-7000 |
| Ann Arbor, Michigan 48104 | ngorga@honigman.com |
| (734) 222-4776 | *Attorneys for Defendants* |
| pfalkenstein@jaffelaw.com | |
| *Attorneys for Plaintiff* | |

_____/

**PLAINTIFF PALLADIUM BOOKS, INC.'S
<u>BRIEF IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT EXPEDITED
DISCOVERY LIMITED TO THE ISSUE OF PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

Issues Presented………………………………...…………………………………………ii

Table of Authorities……………………………………………………………………….iii

   I.    <u>INTRODUCTION</u> ….…………………………………………………………….1

   II.   <u>ARGUMENT</u> ………………………………………………………….……….1

         A.   <u>The Law Is Well-Settled That Plaintiff Is Entitled To Jurisdictional Discovery</u> …1

         B.   <u>Through Jurisdictional Discovery, Plaintiff Can Supplement The Factual Basis Supporting The Court's Personal Jurisdiction Over Defendant</u> ………………….2

   III.  <u>CONCLUSION</u> ………………………………………………………………...3

## ISSUE PRESENTED

1. Should Plaintiff, Palladium Books, Inc., be permitted to take expedited limited discovery to support the Court's exercise of personal jurisdiction over Defendant?

Plaintiff answers "yes."

# TABLE OF AUTHORITIES

*Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981)…………………………………...1

*El-Fadl v. Central Bank of Jordan*, 75 F.3d 668 (D.C. Cir. 1996) ……………………………….2

*Serras v. First Tennessee Bank National Association.*, 875 F.2d 1212 (6th Cir. 1989)………..1, 3

*Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991)………………………………...1, 2

I. INTRODUCTION

Plaintiff, Palladium Books, Inc. ("Plaintiff" or "Palladium"), respectfully submits this brief in support of its Motion for Leave to Conduct Expedited Discovery Limited to the Issue of Personal Jurisdiction. On the record now before the Court, Palladium has proffered facts to show that Defendants have been, and will be transacting business in the Eastern District of Michigan and that the Court can exercise personal jurisdiction over Defendants.  *See* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Plaintiff's Opp. Brief").  If any doubt remains after consideration of Plaintiff's Opposition, Palladium requests that, consistent with the law in this Circuit, it be allowed to conduct jurisdictional discovery before the Court decides Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff also asks that this discovery be expedited in light of its Motion for Preliminary Injunction and the imminent launch of Defendant Trion's infringing "Rift:  Planes of Telara" game.

II. ARGUMENT

    A. **The Law Is Well-Settled That Plaintiff Is Entitled To Jurisdictional Discovery**

A district court faced with a motion to dismiss for lack of personal jurisdiction over the defendant may permit the plaintiff further discovery to investigate jurisdictional facts.  *See Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991), *citing Serras v. First Tennessee Bank National Association.*, 875 F.2d 1212, 1214 (6th Cir. 1989) and *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)(discovery may be appropriate when a defendant moves to dismiss for lack of jurisdiction). The scope of discovery is a matter committed to the district court's discretion. *See Chrysler Corp.*, 643 F.2d at 1240.

"A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996). Palladium has relied primarily on public sources to put considerable evidence before the Court demonstrating that Trion's reach is nationwide and that it has directed its advertising and marketing efforts to consumers in Michigan. Plaintiff's Opp. Memo. As described below, through jurisdictional discovery, Plaintiff, if necessary, can supplement the existing factual basis supporting the Court's exercise of personal jurisdiction over Defendant.

B. **Through Jurisdictional Discovery, Plaintiff Can Supplement The Factual Basis Supporting The Court's Personal Jurisdiction Over Defendant**

In its opposition brief, Palladium proffered evidence, which taken together, strongly suggests that Defendants' activities reach across the nation to market and promote its new product to consumers in Michigan and elsewhere. This evidence includes Trion's application for federal trademark registration, advertising in magazines sold in Michigan, and devising national marketing and promotional strategies. Plaintiff seeks to supplement this evidence by conducting discovery of Trion that should elicit more detailed information about the pervasiveness of its marketing and sales activities

Although Trion has made conclusory statements that it conducts no business activities in Michigan, Plaintiff is entitled to examine the basis for these statements. *See, e.g.,* Defendant's Brief in Support of Defendant's Motion to Dismiss at I, and III(A)(2). Other topics Plaintiff would explore in jurisdictional discovery include, but are not limited to:

- Any contracts or agreements Trion may have entered into with Michigan companies or residents;

2

- Any Michigan suppliers, retailers or distributors with whom Trion has conducted negotiations;

- Additional advertising Trion has placed in Michigan or has targeted to Michigan consumers;

- Contacts with potential customers in Michigan via Defendants' websites or other methods;

- Offers made for sales of products or services in Michigan;

- Defendants' marketing plans; and

- Any Michigan shareholders or negotiations in Michigan for investment partners, among other things.

Additionally, Plaintiff would propose to take a very limited number of depositions – perhaps as few as one – to inquire into these same areas.

### III.  CONCLUSION

Plaintiff has a good faith belief that discovery will produce additional evidence supporting a conclusion that this Court has personal jurisdiction over the defendant. This Court should not slam the door "in the face of a plaintiff seeking to invoke [the Court's] powers where there is, in fact, no defect in personal jurisdiction." *Serras, supra,* at 1215.  Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave to conduct expedited discovery limited to the issue of personal jurisdiction, on a timetable to be determined, should it find that Plaintiff has not sufficiently established personal jurisdiction over Defendants through its pleadings.

                                            Respectfully submitted,

Dated: June 4, 2010                         /s Peter M. Falkenstein
                                                  Peter M. Falkenstein (P61375)
                                                  Lawrence R. Jordan (P27169)
                                                  Joan H. Lowenstein (P39422)
                                                  Emilija Avsharian (P72001)
                                                  Jaffe Raitt Heuer & Weiss, PC
                                                  201 S. Main St., Suite 300
                                                  Ann Arbor, Michigan 48104

                            (734) 222-4776
                            pfalkenstein@jaffelaw.com
                            *Attorneys for Plaintiff*

---

CERTIFICATE OF SERVICE

      I certify that on June 4, 2010, I filed the foregoing document with the Clerk of the Court, using the ECF system, which will provide electronic notice of the filing to the filing counsel of record:

Andrew M. Grove
jgrove@honigman.com

Nicholas B Gorga
ngorga@honigman.com

Date:  June 4, 2010        By:    /s/ Gina M. Williams
                                        Gina M. Williams