UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PALLADIUM BOOKS, INC., <br> a Michigan corporation, <br><br> Plaintiff, <br><br> v. <br><br> TRION WORLDS, INC., <br> a Delaware corporation, and <br> TRION WORLD NETWORK, INC., <br> a Delaware corporation, <br><br> Defendants. | Case No. 10-CV-11859 <br> Hon. Julian Abele Cook, Jr. <br> Magistrate Judge Hon. Paul J. Komives |

**DEFENDANT TRION WORLDS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

INDEX OF AUTHORITIES ................................................................................................ ii

STATEMENT OF ISSUES PRESENTED ........................................................................ iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ..................................... iv

I.    INTRODUCTION ................................................................................................... 1

II    FACTS ..................................................................................................................... 2

III.   ARGUMENT ........................................................................................................... 2

    A.    Discovery in Opposition to a Rule 12(b)(2) Motion Is Granted only in Certain Circumstances Not Present Here ............................................................................................................. 2

    B.    Discovery Is Not Proper Because It Would Constitute a Fishing Expedition ..................................................................................... 4

    C.    Palladium Books Should Not Be Granted Expedited Discovery Where the Purported Need for Expediency Is Solely Due to Its Own Delay .................................................................. 6

IV.   CONCLUSION ....................................................................................................... 7

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Alpine View Co. Ltd. v. Atlas Copco AB*,
205 F.3d 208 (5th Cir. 2000) ...........................................................................................4

*Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*,
334 F.3d 390 (4th Cir. 2003) ...........................................................................................3

*Chrysler Corp. v. Fedders Corp.*,
643 F.2d 1229 (6th Cir. 1981) ..................................................................................... 3-4

*CMS Generation Co. v. Spectrum Techs. U.S.A., Inc.*,
69 F. Supp. 2d 915 (E.D. Mich. 1999) ............................................................................2

*DTE Energy Tech., Inc. v. Briggs Elec, Inc.*,
No. 06-12347, 2007 WL 674321 (E.D. Mich. Feb. 28, 2007) ........................................3

*Hill v. Brush Engineered Materials, Inc.*,
383 F. Supp. 2d 814 (D. Md. 2005) ................................................................................4

*Inc. v. Imago Eyewear Pty, Ltd.*,
167 F. Appx. 518 (6th Cir. 2006) ....................................................................................3

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
107 F.3d 1026 (3d Cir. 1997) ..........................................................................................4

*Savage v. Bioport, Inc.*,
460 F. Supp. 2d 55 (D.D.C. 2006) ..................................................................................4

*Sportrust Assocs. Int'l, Inc. v. Sports Corp.*,
304 F. Supp. 2d 789 (E.D. Va. 2004) .............................................................................3

*Theunissen v. Matthews*,
935 F.2d 1454 (6th Cir. 1991) .....................................................................................3, 7

**RULES**

Fed. R. Civ. P. 12(b)(2) ............................................................................................. 2-4, 7

**NON-PERIODICAL PUBLICATIONS**

Wright et al., 8 FED. PRAC. & PROC. CIV. § 2008.3 (2010 Supp.) .....................................4

## STATEMENT OF ISSUES PRESENTED

Should plaintiff Palladium Books be permitted discovery to contest Trion Worlds' Rule 12(b)(2) motion to dismiss where its broad-based requests are aimed simply at undermining the sworn declaration testimony of Trion Worlds' witness and would constitute nothing more than a fishing expedition?

**Defendant Trion Worlds answers "no."**

Should plaintiff Palladium Books be permitted to take jurisdictional discovery on an "expedited" basis where the professed need for expediency is due solely to its own delay in seeking discovery?

**Defendant Trion Worlds answers "no."**

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981)

*CMS Generation Co. v. Spectrum Techs. U.S.A., Inc.*, 69 F. Supp. 2d 915 (E.D. Mich. 1999)

*See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518 (6th Cir. 2006)

*Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991)

I.  **INTRODUCTION**

The request by Palladium Books, Inc. ("Palladium Books") to conduct expedited discovery to rebut Trion Worlds, Inc.'s ("Trion Worlds") showing that the Court lacks personal jurisdiction over Trion Worlds is nothing more than a fishing expedition and should be denied.

Trion Worlds showed in its brief in support of its motion to dismiss, and the sworn declaration that accompanied it, that Trion Worlds has no contacts with Michigan sufficient to support this Court's personal jurisdiction over it. Trion Worlds' declarant testified under penalty of perjury that Trion Worlds sells no goods in Michigan, has no employees, offices or property in Michigan, has not entered into any contracts in Michigan, has not done any business in Michigan, and has not targeted any advertisements or marketing at Michigan. Palladium Books, in response, seeks broad discovery aimed at trying to prove these statements false. Such discovery would be futile. The law does not permit a plaintiff the opportunity, requested by Palladium Books, to "explore" for facts that might undermine the sworn testimony of Trion Worlds' witness, which conclusively establishes that the Court lacks jurisdiction.

Moreover, were Palladium Books entitled to any discovery, which it is not, there is no basis for the Court to grant its request that discovery be "expedited." Any need for expediency is due solely to Palladium Books' own delay. Counsel for Trion Worlds informed counsel for Palladium Books over three weeks ago, during their very first conversation after the filing of the complaint, that the Court lacked jurisdiction over Trion Worlds. Yet Palladium Books waited over three weeks – until the eve of the hearing on its motion for preliminary injunction – to request any discovery, and to demand that it be done on an expedited basis. Palladium Books' request for expedited discovery should be denied.

1

II. **FACTS**

On May 7, 2010, Palladium Books filed its original complaint in this Court. On May 13, 2010, counsel for Palladium Books, Peter Falkenstein, and counsel for Trion Worlds, Perry Viscounty, discussed the lawsuit for the first time. *See* Declaration of Perry Viscounty ("Viscounty Decl.") (attached as Exhibit 1) at ¶ 2. During that initial call, Mr. Viscounty stated that the Court lacked jurisdiction over Trion Worlds. *Id.* at ¶ 3. Mr. Viscounty requested that Palladium Books agree to dismiss its lawsuit and litigate the matter in California where Trion Worlds is located. *Id.* at ¶ 4. Mr. Falkenstein refused. *Id.*

As forecasted in this opening conversation, Trion Worlds filed its motion to dismiss under Fed. R. Civ. P. 12(b)(2) on May 31, 2010. Additionally, on June 3, 2010, Trion Worlds filed its response brief to Palladium Books' motion for preliminary injunction, showing that the Court may not rule on the motion for preliminary injunction unless and until it has established that it has jurisdiction to do so.

Despite being aware as of May 13, 2010, that Trion Worlds intended to challenge this Court's jurisdiction, Palladium Books sought no discovery from Trion Worlds regarding its basis for claiming that it has no contacts with Michigan sufficient to establish this Court's jurisdiction over it until Friday, June 4, 2010. Palladium Books then filed its motion for "expedited" discovery, claiming that "if doubt remains" as to whether the Court has jurisdiction over Trion Worlds, it should be permitted broad discovery to "explore" a wide-ranging list of topics.

III. **ARGUMENT**

A. **Discovery in Opposition to a Rule 12(b)(2) Motion Is Granted only in Certain Circumstances Not Present Here**

District courts grant discovery to a party opposing a Rule 12(b)(2) motion only in certain circumstances. *DTE Energy Tech., Inc. v. Briggs Elec, Inc.*, No. 06-12347, 2007 WL 674321, at

2

*4 (E.D. Mich. Feb. 28, 2007) (unpublished) (the district court "need not blindly adopt" the opposing party's "conclusory allegation[s]."); *CMS Generation Co. v. Spectrum Techs. U.S.A., Inc.*, 69 F. Supp. 2d 915, 918 (E.D. Mich. 1999). Jurisdictional discovery should be denied where, for instance, "a plaintiff offers only speculation or conclusory assertions about contacts with a forum state." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Similarly, where the plaintiff raises only "bare allegations" to counter the defendant's affidavits and "in all likelihood such discovery would only waste the parties' time and resources, constituting nothing more than a 'fishing expedition,'" jurisdictional discovery should be denied. *Sportrust Assocs. Int'l, Inc. v. Sports Corp.*, 304 F. Supp. 2d 789, 794 (E.D. Va. 2004).

The Court need look no further than the cases cited by Palladium Books to see that a party seeking jurisdictional discovery bears a high burden. The only two Sixth Circuit cases cited by Palladium Books in support of its motion for expedited discovery *deny* discovery to the moving party. *See Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981); *Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991). The court in *Chrysler Corp.* recognized that where the opposing party fails to show "that there is [any] reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction," the district court can deny a request for jurisdictional discovery. 643 F.2d at 1240. In *Theunissen*, the plaintiff was denied discovery due to his delay: "[F]or at least three and one-half weeks prior to the hearing, [plaintiff] knew the specific points in dispute concerning [defendant's] contacts, yet did not pursue discovery until the date of the hearing itself." 935 F.2d at 1465.

Similarly, in *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. Appx. 518 (6th Cir. 2006), the Sixth Circuit affirmed the dismissal of a trademark action under Rule 12(b)(2) where the district

3

court did not permit jurisdictional discovery and appellant failed to explain on appeal how such "discovery would have aided its response" or what "may have been discovered that would have proven jurisdiction was proper." *Id.* at 520 n.2. In short, "a district court may properly refuse or limit jurisdictional discovery if the plaintiff has not made a sufficient showing that there may be a basis for exercise of jurisdiction, or if the proposed discovery seems unlikely to shed light on the jurisdictional question." Wright et al., 8 FED. PRAC. & PROC. CIV. § 2008.3 (2010 Supp.).[1]

### B.  Discovery Is Not Proper Because It Would Constitute a Fishing Expedition

Palladium Books has failed to provide a "reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction." *Chrysler Corp.*, 643 F.2d at 1240. Instead, Palladium Books asks the Court for broad latitude to "explore" a series of topics through jurisdictional discovery. Pl.'s Br. at 2.

As the authorities cited above make clear, courts in this Circuit and throughout the country do not permit such "fishing expeditions." In support of its motion to dismiss, Trion Worlds submitted a declaration from Malcolm Dunne, its Senior Vice President of Finance. In that declaration, Mr. Dunne testified under penalty of perjury that, among other things:

- Trion has sold no goods in the State of Michigan;
- Trion has no employees, offices or property in the State of Michigan;

---

[1] Courts outside of the Sixth Circuit similarly decline to permit jurisdictional discovery in many cases. *See, e.g., Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000) (affirming denial of jurisdictional discovery where such discovery "could not have added any significant facts" and, as a result, "would not have strengthened" the opposing party's position); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (affirming denial of jurisdictional discovery where the plaintiff's "jurisdictional claims were clearly frivolous"); *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62 (D.D.C. 2006) (when a plaintiff opposes a Rule 12(b)(2) motion with "mere speculation," jurisdictional discovery should be denied); *Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 819 (D. Md. 2005) (denying the plaintiff's request for jurisdictional discovery because she "offered nothing but erroneous or conclusory assertions" about jurisdictional contacts and "failed to proffer any further facts that, if proven, would affect this Court's exercise of jurisdiction").

- Trion has not entered into any contracts in the State of Michigan;

- Trion has not done any business in the State of Michigan;

- Trion has not targeted any advertisements or marketing at the State of Michigan; and

- Trion's website is passive, and allows visitors only the ability to register for a free "account" to access free online forums to discuss the game, or to sign up for a free email newsletter.

Dunne Decl. (Ex. 1 to Mot. to Dismiss) ¶¶ 4-7, 10-11. Of course, since Trion has no contacts with Michigan, it is extremely unlikely that it has documents related to contacts with Michigan.

The discovery Palladium Books seeks is aimed almost exclusively at trying to undermine the uncontroverted testimony set forth in Mr. Dunne's declaration. The only exception appears to be "Defendants' marketing plans," which is an unduly broad request for all of Trion Worlds' marketing plans, not just marketing aimed specifically at Michigan. As shown in Trion Worlds' reply brief to its motion to dismiss, nationwide advertising and marketing that may include Michigan (and every other state) is wholly irrelevant.[2] What matters is whether marketing or advertising was specifically targeted at Michigan. As Mr. Dunne testified, it was not and is not.

Thus, any discovery here would be futile. Palladium Books submitted its own affidavit and its own documentary evidence. Other than a professed desire to "explore" certain topics and discovery, Palladium Books has not set forth what it intends to achieve through discovery other than trying to poke holes in the sworn declaration testimony of Mr. Dunne. This is not proper

---

[2] This includes Palladium Books' argument that the fact that one can purchase a copy of "Massive Online Gamer" magazine in Michigan (containing an advertisement for Rift: Planes of Telara) somehow impacts the jurisdictional analysis. As shown in Trion Worlds' reply brief, it does not. The fact that a magazine sold around the world happens, not surprisingly, to be sold in Michigan is not the specific targeting of a state that might support jurisdiction. Were the law otherwise, then any company advertising any product nationally would immediately be subject to personal jurisdiction in every state.

5

discovery. Trion Worlds has submitted ample evidence that it has not targeted Michigan. Palladium Books has submitted evidence of national "contacts" that it claims suffice to establish jurisdiction in Michigan (they, of course, do not). The Court can decide this legal issue right now. Nothing more can be accomplished through discovery other than increased costs and the further wasting of resources, particularly given the likelihood that few, if any, relevant documents exist.

### C. Palladium Books Should Not Be Granted Expedited Discovery Where the Purported Need for Expediency Is Due Solely to Its Own Delay

Granting Palladium Books' request for not simply discovery, but also *expedited* discovery, would be unfair and improper since any need to "expedite" discovery arises solely out of Palladium Books' own delay. Trion Worlds placed Palladium Books on notice immediately after service of the original complaint that the Court lacked jurisdiction over Trion Worlds. Nevertheless, Palladium Books failed to request any discovery from Trion Worlds on the jurisdictional issue.

On May 28, 2010, the Friday afternoon of Memorial Day weekend, Palladium Books filed its motion for temporary restraining order and preliminary injunction seeking an immediate injunction against Trion Worlds and claiming irreparable harm if Trion Worlds was not enjoined before the June 15, 2010, E3 trade show. On June 3, 2010, Trion Worlds responded by showing that binding precedent forbids this Court from ruling on a preliminary injunction motion until it establishes it has jurisdiction to enter any rulings. In its reply brief, Palladium Books does not – because it cannot – dispute that this is the law.

Now, again on a Friday afternoon, Palladium Books demands that the Court grant it expedited discovery on the jurisdictional issue in light of its impending preliminary injunction hearing. But any need to "expedite" is due solely to Palladium Books' own delay. It chose to

wait until three business days before the preliminary injunction hearing to seek discovery. It chose not to seek discovery for over three weeks despite being told that Trion Worlds believed the Court lacked jurisdiction. In this way, Palladium Books is like the plaintiff in *Theunissen* who was denied discovery due to his delay: "[F]or at least three and one-half weeks prior to the hearing, [plaintiff] knew the specific points in dispute concerning [defendant's] contacts, yet did not pursue discovery until the date of the hearing itself." 935 F.2d at 1465.

Palladium Books should be denied discovery and the Court should hear argument on Trion Worlds' Rule 12(b)(2) motion at the June 7th preliminary injunction hearing. If the Court is inclined to permit limited discovery, however, Trion Worlds submits – and it appears from its briefing that Palladium Books does not dispute – that the preliminary injunction hearing should be adjourned or canceled while the Court considers whether it has jurisdiction. Obviously, the discovery requested by Palladium Books, which includes depositions of witnesses in California and the production of documents, cannot be completed prior to the hearing on June 7.

Finally, Trion Worlds finds it ironic that despite professing a dire need for injunctive relief prior to the June 15, 2010, E3 trade show, Palladium Books requests discovery which – even if expedited – would surely require the Court to postpone ruling on the preliminary injunction until after the E3 show has come and gone. Clearly, injunctive relief by June 15, 2010, is nowhere near as important as Palladium Books professed in its papers.

## IV. CONCLUSION

Palladium Books' request for discovery amounts to nothing more than a fishing expedition. Granting the request would be futile and would only result in increasing costs and wasting the resources of the Court and the parties. Nor would it be proper or equitable to expedite any discovery that is granted, given that any alleged need for expediency is due solely

to Palladium Books' own delay.  Trion Worlds respectfully requests that the motion for expedited discovery be denied.

                                HONIGMAN MILLER SCHWARTZ AND COHN LLP

                                s/ Nicholas B. Gorga
                                Nicholas B. Gorga (P72297)
                                Attorney for Trion Worlds, Inc.
                                2290 First National Building
                                660 Woodward Avenue
                                Detroit, MI 48226
                                (313) 465-7000
Dated:  June 7, 2010              ngorga@honigman.com

CERTIFICATE OF SERVICE

    I hereby certify that on June 7, 2010, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system.

s/ Nicholas B. Gorga
_____
Nicholas B. Gorga (P72297)
HONIGMAN MILLER SCHWARTZ & COHN LLP
Attorneys for Trion Worlds, Inc.
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000
ngorga@honigman.com

DETROIT.4221185.1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PALLADIUM BOOKS, INC.,** a Michigan corporation, </br></br>Plaintiff,</br></br>v.</br></br>**TRION WORLDS, INC.,** a Delaware corporation, and </br>**TRION WORLD NETWORK, INC.,** a Delaware corporation,</br></br>Defendants. | Case No. 10-CV-11859</br>Hon. Julian Abele Cook, Jr.</br>Magistrate Judge Hon. Paul J. Komives |

### DECLARATION OF PERRY J. VISCOUNTY IN SUPPORT OF TRION WORLDS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

I, Perry J. Viscounty, declare as follows:

1. I am a partner in the law firm of Latham & Watkins, LLP, and the co-chair of the firm's global Intellectual Property Litigation Group. I am lead counsel for Defendant Trion Worlds, Inc. ("Trion Worlds") in this matter. I have personal knowledge of the information set forth below and, if called as a witness, could and would testify competently thereto.

2. On May 13, 2010, counsel for Palladium Books, Inc. ("Palladium Books"), Peter Falkenstein, and I discussed the lawsuit for the first time.

3. During that initial call, I stated that the Court lacked jurisdiction over Trion Worlds.

4. I requested that Palladium Books agree to dismiss its lawsuit and litigate the matter in California where Trion Worlds is located. Mr. Falkenstein refused.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. This declaration was executed on June 7, 2010, in Costa Mesa, California.

_____
Perry J. Viscounty

DETROIT.4220821.1