UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PALLADIUM BOOKS, INC.**,
a Michigan corporation,

        Plaintiff,

v.

**TRION WORLDS, INC.,**
a Delaware corporation,

        Defendant.

Case No. 10-11859

District Judge Hon. Julian Abele Cook

Magistrate Judge Hon. Paul J. Komives

_____/

| | |
|---|---|
| Peter M. Falkenstein (P61375) | Nicholas B. Gorga (P72297) |
| Lawrence R. Jordan (P27169) | Honigman Miller Schwartz & Cohn, LLP |
| Joan H. Lowenstein (P39422) | 2290 First National Bldg. |
| Emilija Avsharian (P72001) | 660 Woodward Ave. |
| Jaffe Raitt Heuer & Weiss, PC | Detroit, MI 48226 |
| 201 S. Main St., Suite 300 | (313) 465-7000 |
| Ann Arbor, Michigan 48104 | ngorga@honigman.com |
| (734) 222-4776 | *Attorneys for Defendants* |
| pfalkenstein@jaffelaw.com | |
| *Attorneys for Plaintiff* | |

_____/

**SUPPLEMENT TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY
<u>LIMITED TO THE ISSUE OF PERSONAL JURISDICTION</u>**

During the June 9, 2010 hearing on Defendant's motion to dismiss for lack of personal jurisdiction, the issue was raised as to whether the Court has the authority to grant the plaintiff limited discovery on the issues related to the jurisdictional analysis prior to ruling on the motion to dismiss. The settled authority in the Sixth Circuit and this District is that the Court has such authority. Where

> the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, *rather than resolving the motion after either an evidentiary hearing or limited discovery*, the burden on the plaintiff is "relatively slight," *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988), and "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal," *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In that instance, the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh "the controverting assertions of the party seeking dismissal." *Id*. at 1459.

*Air Prods. & Controls, Inc. v. Safetech Int'l., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (italics added). As the Supreme Court has stated, "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13 (1978). It is clearly within the discretion of the District Court to grant limited discovery prior to ruling on a motion to dismiss for lack of personal jurisdiction.

Moreover, the granting of limited discovery is not uncommon. In *Ford Motor Co. v. Great Domains, Inc.*, 141 F. Supp. 2d 763 (E.D. Mich. 2001), a case cited by both parties in their briefing, as well as numerous courts subsequently, the Court enunciated a test to be used in trademark infringement cases to determine whether jurisdiction is proper. It involved a balancing of the likelihood of confusion caused by the allegedly infringing domain name against the level of individualized targeting at the trademark owner. *Id.* at 776. The Court further stated that "these factors are inversely proportionate to each other. Thus, if the likelihood of confusion created by the domain name is high, a low-level showing of individual targeting will be required.

If the likelihood of confusion is low, the level of individual targeting required will be high." *Id*. In analyzing the various domain names at issue, the Court held that for those showing a high likelihood of confusion, the "expressly aimed" test was met.  For those leading to a probably low likelihood of confusion, limited discovery would be permitted as to the targeting of plaintiff. *Id.* at 777.   *See also Vlach v. Yaple*, 670 F. Supp. 2d 644 (N.D. Ohio 2009)  (**"**Because this Court has allowed for limited discovery on the question of personal jurisdiction, it will consider, in addition to the pleadings, the submissions of the parties related to the question before it, in a light most favorable to [plaintiff].")

   Plaintiff Palladium Books respectfully requests that it be afforded until July 20, 2010 conduct limited discovery on the issues related to personal jurisdiction, with an opportunity for expedited resolution of any issues arising between the parties related to such discovery.

                                        Respectfully submitted,

Date:  June 9, 2010            By:     /s/ Peter M. Falkenstein
                                        Peter M. Falkenstein
                                        Jaffe Raitt Heuer & Weiss, PC
                                        201 S. Main St., Suite 300
                                        Ann Arbor, Michigan 48104
                                        (734) 222-4776
                                        pfalkenstein@jaffelaw.com

---

CERTIFICATE OF SERVICE

I certify that on June 9, 2010, I filed the foregoing document with the Clerk of the Court, using the ECF system, which will provide electronic notice of the filing to the following counsel of record:

Andrew M. Grove
jgrove@honigman.com

Nicholas B Gorga
ngorga@honigman.com

Date:  June 9, 2010         By:     /s/ Gina M. Williams
                                      Gina M. Williams

---

3